# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

|  |  |  |
|---|---|---|
| **MCKEE FOODS CORPORATION,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **CASE NO. _____** |
| **LIBERTY MUTUAL INSURANCE COMPANY,** | ) ) ) ) | |
| **Defendant.** | ) ) ) ) | |

## COMPLAINT

Plaintiff McKee Foods Corporation ("McKee"), states as follows for its Complaint against Defendant Liberty Mutual Insurance Company ("Liberty"):

## PARTIES, JURISDICTION AND VENUE

1. McKee is a Tennessee corporation with its principal place of business located in Collegedale, Hamilton County, Tennessee. Accordingly, McKee is a citizen of Tennessee for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

2. Liberty is a Massachusetts corporation, which is registered and/or authorized to transact business in Tennessee. Liberty's business conducted in Tennessee includes but is not limited to the execution of surety bonds. Liberty's principal place of business is Liberty's corporate headquarters in Boston, Massachusetts, which is the location from which Liberty's high-level officers direct, control, and coordinate Liberty's activities. Thus, Liberty is a citizen of Massachusetts for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

3. Pursuant to Federal Rule of Civil Procedure 4(h) and Tennessee Code Annotated § 56-2-504, Liberty may be served with the accompanying summons and this Complaint through the Commissioner of the Tennessee Department of Commerce and Insurance.

4. Venue is proper in the United States District Court for the Eastern District of Tennessee, Southern Division at Chattanooga, pursuant to 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 123(a)(3), since Liberty is considered to be a resident of this judicial district for venue purposes and a substantial part of the events giving rise to McKee's causes of action occurred within this judicial district and division.

5. This Court has subject matter jurisdiction of this action under 28 U.S.C. § 1332(a), because there is complete diversity of citizenship between McKee and Liberty and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6. An actual controversy exists between the parties regarding (a) McKee's rights and Liberty's obligations under the Bonds discussed below, (b) McKee's entitlement to the damages it has sustained as a result of Liberty's breaches of its obligations under the Bonds, and (c) McKee's right to recover its attorneys' fees, costs and expenses from Liberty. This Court has the power to declare the rights and other legal relations of the parties pursuant to 28 U.S.C. § 2201(a) and to award McKee the damages and other relief it seeks.

## STATEMENT OF FACTS

7. McKee is the family-owned manufacturer of Little Debbie® snacks, Sunbelt Bakery® snacks, Drake's® Cakes, and other food products. McKee is headquartered in Collegedale, Hamilton County, Tennessee, and operates production facilities in Tennessee and other states, including its Plant 5 in Collegedale.

8. On about December 11, 2020, McKee entered into a construction contract (the "Prime Contract") with O'Neal Constructors, LLC ("O'Neal"), for the performance of work in connection with the Phase C Expansion of McKee's Plant 5 (the "Project").

9. McKee and O'Neal subsequently executed a modification to the Prime Contract, with an effective date of April 16, 2021 (the "Modification"), relating to Phase 2 of the Project. Together, the Prime Contract, the Modification, and change orders comprise and are hereinafter referred to as the "Contract."

10. In connection with the Phase 2 work, O'Neal procured from Liberty Performance Bond No. 018228358, dated May 5, 2021, in the amount of $79,285,356 (the "Performance Bond"), and Payment Bond No. 018228358, dated May 5, 2021, in the amount of $79,285,356 ("Payment Bond"). The Performance Bond and the Payment Bond may hereinafter be collectively referred to as the "Bonds." The Bonds, among other things, ensured O'Neal's performance of all obligations, terms and conditions of the Phase 2 Contract and the payment of claims asserted by O'Neal's subcontractors. The Bonds are attached as **Exhibit 1** and incorporated by reference.

11. Pursuant to the Bonds, O'Neal and Liberty, jointly and severally, bound themselves and their successors and assigns to McKee and undertook all obligations to McKee under the Contract and under the Bonds themselves. McKee is the obligee and beneficiary of both Bonds and is entitled to all protections provided thereunder, including the full performance by Liberty of all its and O'Neal's obligations under the Contract and the Bonds.

12. O'Neal defaulted in its obligations under the Contract. Among other things, O'Neal failed to complete the Project by the contractual deadlines, and O'Neal demobilized from the Project prior to completion of the last ten (10) work items remaining. On October 25, 2024,

and November 8, 2024, McKee sent notifications to O'Neal and its counsel advising, among other things, that O'Neal was in default of the Contract.

13. On November 8, 2024, McKee provided written notice to Liberty of O'Neal's contractual defaults as of that date and McKee's claim under the Performance Bond. This notice demanded that Liberty take appropriate steps under the Performance Bond to timely complete O'Neal's unfinished scope of work on the Project and gave notice that McKee had paid O'Neal in full all monies owed under the Contract. A copy of that letter is attached as **Exhibit 2**.

14. On February 6, 2025, O'Neal filed a petition in the United States Bankruptcy Court for the District of South Carolina, Case No. 25-00450-hb, under Chapter 7 of the Bankruptcy Code. McKee formally terminated O'Neal on August 1, 2025.

15. All provisions of the Contract are incorporated into the Performance Bond by reference. Therefore, Liberty's obligations under the Performance Bond mirror O'Neal's obligations and liabilities to McKee under the Contract, including O'Neal's obligations to defend and indemnify McKee and to pay McKee's attorneys' fees, costs and expenses resulting from any breach of the Contract. Moreover, § 7.2 of the Performance Bond and § 7.3 of the Payment Bond give McKee the right to recover all legal costs resulting from Liberty's failure to honor its obligations under the Bonds.

16. McKee has suffered direct and consequential damages and has incurred significant attorneys' fees and expenses as a result of O'Neal's defaults under the Contract, including but not limited to O'Neal's failure to complete Project tasks in accordance with the contractual deadlines and failure to complete the scope of work under the Contract as a whole. Pursuant to the Performance Bond, Liberty is obligated to reimburse McKee for these damages, fees and expenses. As set forth in the claim filed by McKee in O'Neal's bankruptcy proceeding,

McKee's damages resulting from O'Neal's defaults (as of the date of McKee's filing on July 7, 2025) include the following:

## SUMMARY OF MCKEE'S UNSECURED CLAIM

**Total of Claim………………………………………………….…….………$19,013,983.24**
**McKee Plant 5 Phase 2 Project**

| | |
|---|---|
| Design & Bid: | $15,678,117.39 |
| Uninstalled Bridge Crane: | $     94,336.80 |
| Warehousing Cost: | $    713,645.88 |
| McKee Labor Overage: | $    874,725.29 |
| Liquidated Damages: | $  1,500,000.00 |
| Pre-Petition Atty Fees: | $    153,157.88 |
| | |
| Current Balance: | $ 19,013,983.24 |
| | |
| **Total Due**: | **$ 19,013,983.24** |

McKee has continued to suffer and incur additional damages, fees and expenses subsequent to the above filing and reserves the right to amend this Complaint to reflect those additional amounts.

17.     In addition to its failure to timely complete the work required by the Contract, O'Neal breached the Contract by failing to pay various subcontractors for labor, materials, and equipment furnished and for claims for extended general conditions.  McKee is currently aware of the following claims by O'Neal's subcontractors, totaling an estimated $10,094,218.18:

| SUBCONTRACTOR | DATE OF CLAIM | CLAIM AMOUNT | CASE NO. |
|---|---|---|---|
| **Precision Concrete** | 4/17/2024 (O'Neal claim to McKee) | $325,105.00 | N/A |
| **Metromont LLC** | 7/26/2025 (Complaint) | $1,773,487.00 | 24-0751 Hamilton County Chancery Court |
| **Lexicon, Inc.** | 5/29/2024 (Lien) 8/7/2024 (Complaint against O'Neal and Liberty) | $937,347.00 | 24-0552 Hamilton County Chancery Court |

| Lawson Electric Co. | 4/17/2024 (O'Neal claim to McKee) | $1,310,491.00 | N/A |
|---|---|---|---|
| Jake Marshall, LLC | 5/14/2025 (Complaint against Liberty) | $4,108,885.00 | 25-cv-00156 U.S. District Court, Eastern District of Tennessee |
| River City Fencing, Inc. | 8/22/2025 (Complaint against Liberty & McKee) | $263,756.53 | 25-0605 Hamilton County Chancery Court |
| Keeley Construction Group, Inc. | 8/15/2024 (Complaint against Lexicon, Liberty, & O'Neal) | $1,375,146.65 | 24-0571 Hamilton County Chancery Court |

McKee reserves the right to amend and supplement the above schedule and listing of subcontractor claims.

18.     Under the terms of the Payment Bond, Liberty is responsible for the payment of amounts owing to subcontractors and for defending and indemnifying McKee from and against all subcontractor claims, including payment of the original contract amounts as well as legitimate claims for extended general conditions.

19.     Liberty has recognized some of its obligations under the Bonds.  Liberty has paid some of the claims asserted by O'Neal's subcontractors and hired a contractor to complete some of O'Neal's remaining work on the Project.  Liberty, however, has not fulfilled its duties and obligations to McKee under the Bonds.  Among other things, Liberty has not fulfilled its other obligations with respect to remaining claims for subcontract amounts, for extended general conditions, and for O'Neal's obligations to McKee under the Contract.

20.     On December 10, 2025, at Liberty's request, representatives of Liberty and McKee met to discuss, among other things, Liberty's remaining obligations under the Bonds. Except for a few relatively minor concessions, Liberty's representatives asserted that Liberty had satisfied all its obligations to McKee under the Bonds and would do nothing further.  During and after this meeting and on other occasions, McKee and its counsel communicated their

disagreement with Liberty's position. For example, McKee has consistently maintained that when the provisions of the underlying construction contract are incorporated into a performance bond by reference, the surety (Liberty) must fulfill the contractor's obligations of defense and indemnity. McKee and its counsel asked Liberty to provide authority to the contrary supporting Liberty's position; no such authority was provided.

21.     Liberty continues to take the position that it has no further obligations to McKee, and Liberty has refused to protect and indemnify McKee from the remaining threatened or pending construction-related claims set forth above and as detailed in communications between the parties.

22.     Contrary to the positions taken by Liberty, McKee avers::

    a.  Liberty is obligated to fulfill the responsibilities of O'Neal for: (1) correction of defective work; (2) completion of the Project and O'Neal's obligations under the Contract; (3) additional legal, design, professional and delay costs resulting from O'Neal's defaults; and (4) liquidated damages;

    b.  Liberty is liable for the damages sustained by McKee as a result of O'Neal's failure to perform the Contract in accordance with its terms;

    c.  Liberty is obligated to defend and indemnify McKee from and against all claims asserted by O'Neal's subcontractors; and

    d.  Liberty is obligated to reimburse McKee for attorneys' fees, costs and expenses resulting from O'Neal's breaches of the Contract and from Liberty's failure to honor its obligations under the Bonds.

### COUNT I – DECLARATORY JUDGMENT

23.     McKee incorporates the allegations in the foregoing paragraphs by reference.

24. 28 U.S.C. § 2201 provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration."

25. There is an actual controversy within this Court's jurisdiction between McKee and Liberty with respect to McKee's rights and Liberty's obligations under the Bonds.

26. McKee therefore requests entry of a judgment declaring the rights and legal relations of the parties and specifically confirming that Liberty is obligated and liable to McKee as follows:

      a. To fulfill the responsibilities of O'Neal for: (1) correction of defective work; (2) completion of the Project and O'Neal's obligations under the Contract; (3) additional legal, design, professional and delay costs resulting from O'Neal's defaults; and (4) liquidated damages;

      b. For the damages sustained by McKee as a result of O'Neal's failure to perform the Contract in accordance with its terms;

      c. To defend and indemnify McKee from and against all claims asserted by O'Neal's subcontractors; and

      d. To reimburse McKee for attorneys' fees, costs and expenses resulting from O'Neal's breaches of the Contract and from Liberty's failure to honor its obligations under the Bonds.

## COUNT II – BREACH OF CONTRACT

27. McKee incorporates the allegations in the foregoing paragraphs by reference.

28. The Bonds constitute valid and binding contracts pursuant to which McKee is the obligee and beneficiary.

29.     Liberty has breached its contractual obligations under the Bonds in the manner set forth above.

30.     Liberty's breaches of its obligations under the Bonds have resulted in direct and consequential damages to McKee as set forth above, plus attorneys' fees and other costs and expenses.  In addition, Liberty has not fulfilled its obligation to defend and indemnify McKee against claims asserted by O'Neal's subcontractors, and McKee has incurred significant attorneys' fees and other expenses in defending subcontractor claims.  Liberty is liable to McKee for all of the foregoing.

**WHEREFORE,** Plaintiff McKee Foods Corporation respectfully prays:

(a)     That the Court grant McKee a speedy hearing on its request for declaratory relief in accordance with Federal Rule of Civil Procedure 57;

(b)     That the Court enter a declaratory judgment in favor of McKee and against Liberty for the relief requested in Count I above;

(c)     That the Court enter judgment in favor of McKee and against Liberty for McKee's direct and consequential damages and attorneys' fees and expenses, as set forth above and as supplemented by McKee's proof at trial, sustained or incurred as a result of O'Neal's breaches of the Contract and/or Liberty's breaches of its obligations under the Bonds; and

(d)     That the Court grant McKee such other and further relief to which McKee is entitled.

This the 28th day of April, 2026.

*Signature blocks follow on next page.*

CHAMBLISS, BAHNER & STOPHEL, P.C.

By: _/s/William H. Pickering_
   William H. Pickering (BPR #006883)
   Timothy M. Gibbons (BPR #014860)
Liberty Tower – Suite 1700
605 Chestnut Street
Chattanooga, TN 37450
Telephone: (423) 756-3000
Email: wpickering@chamblisslaw.com
     tgibbons@chamblisslaw.com


SMITH, CASHION & ORR, PLC

By: _/s/ William L. Fitts_
   William L. Fitts (BPR #037938)
3100 West End Avenue, Suite 800
Nashville, TN 37203
Telephone: (615) 742-8555
Email: jwelborn@smithcashion.com
     wfitts@smithcashion.com

*Attorneys for McKee Foods Corporation*